# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| SHERI BUTLER BROCKINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 3:25-cv-00159-KAC-JEM |
| ) | |
| YOLI, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## ANSWER

Defendant Yoli, LLC ("Yoli" or "Defendant"), by and through counsel, hereby answers the Complaint filed by Sheri Butler Brockington ("Plaintiff") by admitting, denying, and affirmatively averring as follows:

## FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted against the Defendant.

## SECOND DEFENSE

In response to the specific allegations of Plaintiff's complaint, Defendant answers as follows:

1. Paragraph 1 is a legal conclusion to which no response is required, therefore deny paragraph 1.

2. Paragraph 2 is a legal conclusion to which no response is required, therefore deny paragraph 2.

3. Admit that Plaintiff brought this action under the TCPA, but otherwise deny remaining allegations in paragraph 3.

4. Deny paragraph 4.

5. Defendant is without knowledge or information sufficient to form a belief about the truth of the statement in paragraph 5.

6. Admit that Defendant is a limited liability company, but otherwise deny remaining allegations in paragraph 6.

7. Paragraph 7 is a legal conclusion to which no response is required, therefore deny paragraph 7.

8. Paragraph 8 is a legal conclusion to which no response is required, therefore deny paragraph 8.

9. Paragraph 9 is a legal conclusion to which no response is required, therefore deny paragraph 9.

10. Paragraph 10 is a legal conclusion to which no response is required, therefore deny paragraph 10.

11. Paragraph 11 is a legal conclusion to which no response is required, therefore deny paragraph 11.

12. Paragraph 12 is a legal conclusion to which no response is required, therefore deny paragraph 12.

13. Paragraph 13 is a legal conclusion to which no response is required, therefore deny paragraph 13.

14. Defendant is without knowledge or information sufficient to form a belief about the truth of the statement in paragraph 14.

15. Defendant is without knowledge or information sufficient to form a belief about the truth of the statement in paragraph 15.

16. Defendant is without knowledge or information sufficient to form a belief about the truth of the statement in paragraph 16.

17. Defendant is without knowledge or information sufficient to form a belief about the truth of the statement in paragraph 17.

18. Defendant is without knowledge or information sufficient to form a belief about the truth of the statement in paragraph 18.

19. Admit the text message images related to paragraph 19, and further referenced in paragraph 20, speak for themselves but denies the remaining allegations of paragraph 19.

20. Admit the text message images speak for themselves but denies the remaining allegations of paragraph 20.

21. Deny paragraph 21.

22. Paragraph 22 is a legal conclusion to which no response is required, therefore deny paragraph 22.

23. Paragraph 23 is a legal conclusion to which no response is required, therefore deny paragraph 23.

24. Paragraph 24 is a legal conclusion to which no response is required, therefore deny paragraph 24.

25. Deny paragraph 25.

26. Deny paragraph 26.

27. Deny paragraph 27.

28. Deny paragraph 28.

29. Paragraph 29 is a legal conclusion to which no response is required, therefore deny paragraph 29.

30. Paragraph 30 is a legal conclusion to which no response is required, therefore deny paragraph 30.

31. Deny paragraph 31.

32. Deny paragraph 32.

33. Deny paragraph 33.

34. Deny paragraph 34.

35. Deny paragraph 35.

36. Deny paragraph 36.

37. Deny paragraph 37.

38. Deny paragraph 38.

39. Deny paragraph 39.

## COUNT I
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**

40. Defendant incorporates its responses to the preceding paragraphs.

41. Deny paragraph 41.

42. Deny paragraph 42.

43. Deny paragraph 43.

44. Deny paragraph 44.

## THIRD DEFENSE

Plaintiff's claims are barred because any alleged text messages were sent with prior express consent by the number's previous owner. In May 2023, a prior user of Plaintiff's phone number voluntarily enrolled that number in Defendant's marketing program, giving valid consent at the time.

**FOURTH DEFENSE**

Plaintiff's claims are barred in whole or in part in that Defendant did not willfully or knowingly violate the Telephone Consumer Protection Act ("TCPA"). Defendant's reliance on prior consent and lack of notice of reassignment, if any, show any alleged infraction was accidental and unintentional. Therefore, even if a technical TCPA violation occurred, it was not willful or knowing, precluding any enhancement of damages under the TCPA.

**FIFTH DEFENSE**

Plaintiff's claims are barred in whole or in part under the TCPA and/or FCC rules that provide safe harbor for calls or texts to reassigned numbers made in good faith. Defendant had prior consent for the number and no knowledge of the reassignment.

**SIXTH DEFENSE**

Plaintiff's claims, including Do Not Call claims, are barred by Defendant's compliance with the TCPA's safe harbor for telemarketing calls or communications made in error. The TCPA and its regulations exempt callers from liability for inadvertent calls to numbers on the National Do Not Call Registry if the caller has implemented reasonable practices and procedures to avoid such calls.

**SEVENTH DEFENSE**

Plaintiff's claims are barred to extent Plaintiff failed to take reasonable steps to avoid or reduce their alleged damages. Even after receiving text messages, Plaintiff never utilized the opt-out mechanism (such as reply "STOP") or otherwise notified Defendant that the messages were unwelcome, despite such instruction being readily available in the texts. By remaining silent and not opting out, Plaintiff allowed messages to continue, potentially increasing the number of incidents for which she now seeks relief. Plaintiff's failure to take reasonable steps constitutes a failure to mitigate any actual or statutory damages.

## EIGHTH DEFENSE

Plaintiff's claims for class action certification are barred because this case cannot be maintained under Rule 23. Among other things, Plaintiff's claims are not typical of the putative class; Plaintiff's will not fairly represent and adequately protect all members of the putative class; and Plaintiff's individual issues will predominate over common questions, defeating predominance and manageability requirements, including for example, questions about consent of each individual member.

## NINTH DEFENSE

Plaintiff's claims are barred in whole or in part as they fail to allege and assert factual and legal bases supporting an award of actual damages, including any punitive or enhanced damages.

## TENTH DEFENSE

Defendant reserves the right to supplement and amend the forgoing affirmative defenses that become available or apparent during litigation, including any defenses to class certification, as investigation and discovery progress. No waiver of any defense is intended, and all defenses are hereby expressly reserved.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

A. That the Complaint be dismissed with prejudice and that the Plaintiff be awarded no relief thereunder;

B. That Defendant be awarded reasonable attorney fees and costs incurred in defending this action, as permitted by any applicable contract or statute.

C. For such other relief as this Court deems just and equitable.

RESPECTFULLY SUBMITTED this 9th day of June, 2025.

/s/ John E. Winters

John E. Winters
KRAMER RAYSON LLP
P.O. Box 629
Knoxville, TN 37901
(865)525-5134
jwinters@kramer-rayson.com

Benson L. Hathaway, Jr. (admitted pro hac vice)
Ryan C. Cadwallader (admitted pro hac vice)
KIRTON McCONKIE
50 East South Temple, Suite 400
P.O. Box 45120
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
bhathaway@kmclaw.com
rcadwallader@kmclaw.com

*Attorneys for Defendant Yoli, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June 2025, a true and correct copy of the foregoing **ANSWER** was served on the following by the method indicated below:

*Attorneys for Plaintiffs*

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Via Email
(X) ECF


      */s/ John E. Winters*
      JOHN E WINTERS