# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SHERI BUTLER BROCKINGTON, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YOLI, LLC<br><br>Defendant. | CASE NO. 3:25-cv-00159<br><br><br><br>**JURY DEMANDED** |

## JOINT RULE 26(f) PLANNING REPORT AND DISCOVERY PLAN

Pursuant to Local Rule 16.1 and this Court's Case Management Instructions, the parties conferred in compliance with Federal Rule of Civil Procedure 26(f) on June 13, 2025. Participating in the conference were Brice Timmons and Anthony Paronich, counsel for Plaintiff, and Ryan Cadwallader and John Winters, counsel for Defendant. The parties jointly file this Discovery Planning Report and state as follows:

**1.      Status, General Nature, and Issues of Case**

    **a.      Plaintiff's Statement**

On April 17, 2025, Plaintiff Shari Butler Brockington ("Ms. Brockington" of "Plaintiff"), initiated this action by filing her Class Action Complaint asserting claims against Defendant Yoli, LLC ("Yoli") for violations of the Telephone Consumer Protection Act of 1991., Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). Ms. Brockington brings this action to enforce the consumer-privacy provisions of the TCPA, alleging that Yoli violated the TCPA by

4927-6864-9806.v3

making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent. The recipients of Yoli's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and because the technology used by Yoli makes calls en masse, the appropriate vehicle for their recovery is a class action lawsuit.

Yoli's claim that it had the consent of the *prior* owner of the Plaintiff's telephone number may be true (discovery will reveal as much), but it is irrelevant to Ms. Brockington's claim. This lawsuit was easily avoidable and only occurred because Defendant failed to utilize the Federal Communication Commission's Reassigned Number database before it sent the text messages at issue.

Calling the new owner of a phone number based on the prior owner's provisioning of a phone number has been held to be a violation of the Telephone Consumer Protection Act for over a decade. In 2015, the FCC issued a declaratory ruling which addressed, *inter alia*, "whether a caller making a call subject to the TCPA to a number reassigned from the consumer who gave consent for the call to a new consumer is liable for violating the TCPA." *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7999 ¶ 71 (2015). The FCC determined that "the TCPA requires the consent not of the intended recipient of a call, but of the current subscriber," id. at ¶ 72 and, thus, "calls to reassigned wireless numbers violate the TCPA when a previous subscriber, not the current subscriber or customary user, provided the prior express consent on which the call is based," id. at ¶ 73. However, liability for such conduct is easily avoidable as subsequently the FCC issued a new order that it was "not to demand the impossible of callers" and established a

2

4927-6864-9806.v3
Case 3:25-cv-00159-KAC-JEM    Document 23    Filed 06/19/25    Page 2 of 9    PageID #: 57

comprehensive database that contains information regarding reassigned numbers. *See* 33 F.C.C. Rcd. 12024 at ¶ 58. Callers who utilize the database will not be liable for calling a reassigned number if the database fails to report the reassigned number. *See Elleby v. Liberty Univ.,* 2022 U.S. Dist. LEXIS 41988, *7-8 (W.D. N.C. 2022). Defendant appears to have taken no such step.

The Defendant's second argument about Ms. Brockington's steps needed to "avoid or reduce" damages also falls short. Such a step has never been a requirement for a violation of the TCPA because the consumers have already done all they should have to do: they've registered their number on the National Do Not Call Registry. *See e.g. Powell v. W. Asset Mgmt.,* 773 F. Supp. 2d 761, 764 (N.D. Ill. 2011) ("courts that have considered whether a plaintiff has a duty to mitigate damages under Section 227 of the TCPA have found there is no such duty."). Ms. Brockington is not responsible for Yoli, LLC's decision to not utilize the FCC's Reassigned Number Database.

b. **Defendant's Statement**

The Defendant Yoli, LLC ("Yoli") denies Plaintiff's allegations that it violated the Telephone Consumer Protection Act (47 U.S.C. § 227). Among other defenses raised in its Answer, Yoli claims that it had prior consent to send text messages to the previous owner of the phone number at issue in this case. Furthermore, as part of these text messages, which are included in the allegations of the Complaint, the Plaintiff failed to take reasonable steps to avoid or reduce their alleged damages. Even after receiving text messages, Plaintiff never utilized the opt-out mechanism (such as reply "STOP") or otherwise notified Defendant that the messages were

unwelcome, despite such instruction being readily available in the texts. Consequently, Plaintiff is not entitled to damages.

Additionally, Plaintiff's claims for class action certification are barred because this case cannot be maintained under Rule 23. Among other things, Plaintiff's claims are not typical of the putative class; Plaintiff will not fairly represent and adequately protect all members of the putative class; and Plaintiff's individual issues will predominate over common questions, defeating predominance and manageability requirements, including for example, questions about consent of each individual member.

**2.     Discovery Plan**

As a result of the discovery planning meeting, it was agreed as follows by the parties:

   **a.     Pre-Discovery Disclosures.**

The parties will exchange by July 18, 2025, the information required by Fed. R. Civ. P. 26(a)(1). The parties acknowledge that due to the nature of the allegations and the volume of data to be exchanged, it is possible that there will be supplemental initial disclosures made by either party.

   **b.     Discovery.**

   1. Completing all discovery: **March 7, 2026**.

   2. Deadline for the parties to amend pleadings: **February 13, 2026**.

   3. Plaintiff's disclosure of all expert witnesses: **April 7, 2026**.

   4. Defendant's disclosure of all expert witnesses: **May 7, 2026**.

   5. Filing Plaintiff's motion for class certification: **June 8, 2026**.

6. Filing Defendant's response to a motion for class certification**:   July 8, 2026**.

7. Filing Plaintiff's reply in support of class certification:  **July 23, 2026**.

8. Filling all dispositive motions:  **August 27, 2026**.

9. Pretrial conference: TBD by Court.  The parties will make all pre-trial disclosures required by Rule 26(a)(3) of the Federal Rules of Civil Procedure on the date established in the Court's Scheduling Order.  The parties will reasonably update their expert disclosures and pre-trial disclosures as may be required by the Rules or the Court's Scheduling Order.

c. **ESI.**

As required by Rule 26(f)(3), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery" or "ESI").  Should the parties be unable to agree on ESI issues at a later date, the parties will comply with the default standards described in Rule 26 until such time, if ever, the court resolves such dispute.

**Preservation of Discoverable Information.**  The parties discussed issues related to the disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be preserved.  The parties have also conferred regarding the manner and method of exchanging electronic discovery.  Counsel for the parties shall (if not already) instruct their clients to preserve all electronically stored information and all relevant data available from the time the Complaint was filed.  The parties agree that any electronically stored information should be produced in the most efficient means possible.  This means, for the most part, that

Defendant will generally produce documents in pdf format unless the data is more accessible in spreadsheet format. The parties reserve the right to request documents in native format or to view metadata on any document they believe may be relevant to a claim or defense of either party. The parties have agreed to further discuss production of electronically stored information in other formats should the issue arise. Generally, electronic data will be exchanged using secure file-transfer platforms that include consumer protected information.

**Protective Order.** The parties discussed whether to request the Court enter a protective order. Defendant anticipates that a protective order will be necessary in this case. The parties will endeavor to reach an agreement as to a protective order. The parties further discussed claims of attorney-client privilege or of protection as work product materials. Pursuant to Federal Rule of Evidence 502, the parties anticipate including a "clawback" provision in any proposed Agreed Protective Order that would further govern the inadvertent disclosure of privileged information or work product.

**Other Matters**

3. **ADR**

    a. The parties will engage in mediation no later than thirty (30) days after the Court's ruling on any class-certification with a mediator mutually agreed to by the parties. The parties, however, may engage in earlier private mediation or settlement discussions by mutual agreement.

    b. The parties propose a maximum of 25 interrogatories by Plaintiff to Defendant during the Class Certification process and 25 interrogatories by Defendant to

6

4927-6864-9806.v3

Case 3:25-cv-00159-KAC-JEM   Document 23   Filed 06/19/25   Page 6 of 9   PageID #: 61

Plaintiff. The parties reserve the right to seek leave to petition the Court for additional interrogatories.

c. The parties propose a maximum of 25 requests for production of documents by Plaintiff to Defendant during the Class Certification process and 25 production of documents by Defendant to Plaintiff. The parties reserve the right to seek leave to petition the Court for additional requests for production.

d. The parties propose a maximum of 15 requests for admission by Plaintiff to Defendant during the Class Certification process and 15 requests for admission by Defendant to Plaintiff. The parties reserve the right to seek leave to petition the Court for additional requests for admission.

e. The Parties propose a maximum of 7 depositions by Plaintiff and 7 depositions by Defendant, excluding expert witnesses, during the Class Certification process. Each party reserves the right to petition the Court for additional depositions.

   i. Each deposition is limited to a maximum of 7 hours unless extended by agreement of the parties.

f. The parties will supplement discovery as authorized or required by Rule 26(e).

g. The service of written discovery requests and responses and notices of deposition to the parties may be made by electronic means. The parties will use the e-mail addresses of counsel that are on file with the Court.

h. The parties agree that the prospects for settlement are unknown. The Plaintiff believes discovery related to class certification is necessary before it can determine whether it is interest in settlement negotiations to resolve this case.

The parties have no other matters to address in this Report and shall jointly submit their Proposed Scheduling Order to the Court contemporaneously with the filing of this Report.

Respectfully submitted,

*/s/Frank L. Watson, III*
Frank L. Watson, III (TN #15073)
William F. Burns (TN #17908)
Brice M. Timmons (TN #29582)
WATSON BURNS, PLLC
253 Adams Ave.
Memphis, TN 38104
Phone: (901) 529-7996

*/s/ Anthony I. Paronich*
Anthony I. Paronich, (Bar No. 678437)
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

***Attorneys for Plaintiff***

*/s/Ryan C. Cadwallader*
Ryan C. Cadwallader (*Admitted PHV*)
Benson L. Hathaway, Jr. (*Admitted PHV*)
KIRTON MCCONKIE
50 E. South Temple, Ste. 400
Salt Lake City, UT 84145-0129
(801) 328-3600
rcadwallader@kmclaw.com
bhathaway@kmclaw.com

*/s/ John E. Winters*
John E. Winters
KRAMER PAYSON LLP
P.O. Box 629
Knoxville, TN 37901
(865) 525-5134
jwinters@kramer-rayson.com

***Attorneys for Defendant***