IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

SHERI BUTLER BROCKINGTON, on behalf )
of herself and all other similarly situated, )
)
)
)
v. ) Civil Action No. 3:25-cv-159
)
YOLI, LLC, )
)
Defendant. )
)

AGREED PROTECTIVE ORDER

Plaintiffs, on behalf of themselves and others similarly situated, and Defendant, YOLI, LLC ("YOLI"), have jointly moved the Court to enter a Protective Order with respect to certain documents and information to be provided in discovery under the Federal Rules of Civil Procedure.

In particular, the parties inform the Court that the parties may provide access to documents or information that are confidential personal or business records, or information ("Confidential Information").

Disclosure of this Confidential Information to persons not parties to this action could cause significant harm to the parties' legitimate interests, the privacy interests of individuals who are not parties to this action, Pursuant to this request, and in accordance with the agreement of the Plaintiffs and the Defendant, IT IS HEREBY ORDERED:

1. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response, information revealed pursuant to a request for production or inspection, or information revealed during a deposition as "Confidential Subject to Protective Order" if counsel determines, in good faith, that such designation is necessary

to protect the interests of the party and where the designation is consistent with the requirements of Rule 26(c).

2. Any document produced by either party which is labeled or stamped "Confidential Subject to Protective Order" may be used by the parties solely for the purposes of this litigation and for no other purpose. The parties and their counsel may not provide any document or portion of any document that the other party has designated as "Confidential Subject to Protective Order," or any copy thereof, to any person except as provided in paragraph 3, below. Further, neither party nor their counsel may disclose, verbally or in writing, the information in any document designated as "Confidential Subject to Protective Order" to any person except as provided in paragraph 3.

3. Access to documents designated as "Confidential Subject to Protective Order" shall be restricted to (i) the parties, their affiliated companies, and their officers and employees; (ii) counsel for the parties and their paralegals and secretarial staff; (iii) outside printing or information management services properly engaged by the parties; (iv) any retained experts; (v) any court reporter in connection with a deposition or trial in this litigation; (vi) any mediator in connection with a mediation with respect to the matters in this litigation; (vii) former employees of YOLI, if any; (viii) such other persons whom counsel for the parties agree in writing may have access to such documents; and (ix) the Court and its staff. Before receiving access to any document designated as "Confidential Subject to Protective Order," counsel must ensure that each of the persons identified in (i) through (viii) above agrees to be bound by the terms of this Protective Order.

4. YOLI will have the option to designate documents or information containing proprietary and highly confidential business information, the release of which would cause significant harm to YOLI, as "Confidential, Subject to Protective Order – Attorneys' Eyes Only" if counsel determines, in good faith, that such a designation is necessary to protect YOLI's interests

and where the designation is consistent with the requirements of Rule 26(c). Access to any information or document designated as "Confidential, Subject to Protective Order – Attorneys' Eyes Only" will be restricted to the parties' counsel and to any expert witness who meets all of the following three conditions: (1) the expert is not directly employed by Plaintiffs (i.e., third-party experts retained by counsel may have access to the designated information); (2) the expert is not involved in competitive decision-making for the receiving party or for any firm that might gain a competitive advantage from access to information designated as "Confidential, Subject to Protective Order - Attorneys' Eyes Only"; and (3) the expert agrees to be bound by the terms of this Agreed Protective Order.

5. In the event that a party decides to file with the Court a document that the other party has designated as "Confidential Subject to Protective Order" or designated for "Confidential, Subject to Protective Order - Attorneys' Eyes Only," the party seeking to file the document must first notify counsel for the party requesting confidentiality as soon as practicable of the decision to so file. The party requesting confidentiality will have the option of moving the Court to place any such document(s) or portions of documents under seal pursuant to the terms of Local Rule 26. Nothing in this order may be construed to relieve the parties from complying with Local Rule 26.2(b).

6. If a dispute arises as to the designation of materials, the parties will attempt to resolve the issue in good faith before bringing the matter to the Court's attention. If the matter is not resolved by the parties, they will submit the dispute to the Court in accordance with the procedures set forth in the Scheduling Order (if any). The party asserting confidentiality will have the burden of demonstrating that the designation is correct.

7. The disclosure of a document or information without designating it as "Confidential, Subject to Protective Order" or "Confidential, Subject to Protective Order –

Attorneys' Eyes Only" will not constitute a waiver of the right to designate such document or information as "Confidential, Subject to Protective Order" or "Confidential, Subject to Protective Order – Attorneys' Eyes Only" provided that the material is designated pursuant to the procedures set forth herein no later than fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production, if the production occurs after the close of discovery. If so designated, the document or information must thenceforth be treated as "Confidential, Subject to Protective Order" or "Confidential, Subject to Protective Order - Attorneys' Eyes Only" subject to all the terms of this Agreed Protective Order.

8. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object, in accordance with applicable law and Court rules, to the use or admissibility of all Confidential Information disclosed.

9. No later than 30 days after final termination of this litigation, the materials designated as "Confidential Subject to Protective Order" or "Confidential, Subject to Protective Order – Attorneys' Eyes Only," together with all copies thereof, must be returned to counsel for the producing party, or counsel must certify that all copies have been erased from counsel and the party's computer systems.

10. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information, to object to the production of documents or information, to apply to the Court for an order compelling production of documents or information, or to apply to the Court for modification of this Order. Either party or a third party who relies upon this Protective Order may seek to enforce the terms of this Protective Order upon proper application to the Court. Any violation of this Protective Order may result in the imposition of sanctions by the Court.

11. Pursuant to Federal Rule of Evidence 502, should either party inadvertently produce a document later found to be protected from discovery by the attorney-client privilege or work product immunity, upon request of the producing party, the inadvertently produced document(s) or thing(s) and all copies, notes, compilations, tabulations, analyses, or summaries thereof must be promptly returned to the producing party. *See Rainer v. Union Carbide Corp.,* 402 F.3d 608, 625 (6th Cir. 2005).

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE


PRESENTED AND APPROVED BY:


*/s/ William F. Burns*
William F. Burns (BPR# 17908)
Brice M. Timmons (BPR# 29582)
WATSON BURNS, PLLC
253 Adams Ave.
Memphis, TN 38104
Phone: (901) 529-7996

*/s/ Anthony I. Paronich*
Anthony I. Paronich, (BPR# 678437)
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

***Attorneys for Plaintiff***

*/s/ Ryan C. Cadwallader*
Ryan C. Cadwallader (*Admitted PHV*)
Benson L. Hathaway, Jr. (*Admitted PHV*)
KIRTON MCCONKIE
50 E. South Temple, Ste. 400
Salt Lake City, UT 84145-0129 (801) 328-3600
rcadwallader@kmclaw.com
bhathaway@kmclaw.com


*/s/ John E. Winters*
John E. Winters (BPR# 016345)
KRAMER RAYSON LLP
P.O. Box 629
Knoxville, TN 37901
(865) 525-5134
jwinters@kramer-rayson.com


*Attorneys for Defendant*