IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SHERI BUTLER BROCKINGTON, on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> YOLI, LLC <br><br> Defendant. | Case No. 3:25-cv-159 |

**DEFENDANT YOLI, LLC'S RESPONSE TO MOTION TO EXTEND FACT DISCOVERY DEADLINES**

Defendant Yoli, LLC ("Yoli"), pursuant to Rules 6, 16, and 26 of the Federal Rules of Civil Procedure ("Rules"), and Local Rule 7.1, opposes Plaintiff's Motion to Extend Phase One Scheduling Order Deadlines (the "Motion").[1]

**INTRODUCTION**

Plaintiff seeks a 60-day extension of all Phase One deadlines based on unresolved SMS issues and four additional depositions that it has not noticed.[2] The Amended Phase One Scheduling Order ("Order")[3] sets firm, staged deadlines—including those for expert disclosures, the completion of class-certification discovery by March 2, 2026, and the class-certification motion by April 2, 2026—and requires strict compliance with Rules 6(b) and 16(b)(4) for any modification.[4] Plaintiff acknowledges it has not moved to compel and that a third-party vendor

---

[1] Dkt. No. 30.
[2] *Id.*
[3] Dkt. No. 28
[4] *Id.* at p. 1.

only "may voluntarily produce" information. On this record, Plaintiff cannot show diligence or good cause under Rules 6(b) and 16(b)(4), and the proportionality limits of Rule 26(b)(1) weigh against expanding discovery.

## LEGAL STANDARD

The Amended Phase One Scheduling Order states the schedule will not change absent good cause shown in strict compliance with Rule 6(b) and applies Rule 16(b)(4)'s diligence standard.[5] It sets discovery milestones and requires service of written discovery early enough for responses to be due before the cutoff.[6] Rule 26(b)(1) further limits discovery to what is proportional to the needs of the case.[7]

## ARGUMENT

The Motion sets forth several reasons to extend discovery. However, none of the arguments raised in the Motion warrant granting the requested relief.

I. **PLAINTIFF'S LATE, ITERATIVE SMS REQUESTS ARE UNNECESSARY AND DISPROPORTIONATE UNDER RULE 26(B)(1)**

Plaintiff seeks additional outbound SMS data and "further supplementation" from a vendor, Klaviyo, to expand class scope and expert analysis. Plaintiff's September 2025 opening expert report relied exclusively on Klaviyo's outbound SMS data; seeking new outbound SMS now for use in a rebuttal report would prejudice Yoli by expanding the record after Yoli already issued its opposition report, and depriving Yoli's expert of a fair chance to respond. As of this filing, Yoli has produced outbound SMS messages within the four-year period preceding the Complaint.

---

[5] *Id.*
[6] *Id.* at 2–3.
[7] FED. R. CIV. P. 26(b)(1).

2

Plaintiff admits uncertainty about any additional vendor production and has not obtained an order compelling it. The phased schedule closes class discovery on March 2, 2026 to avoid last-minute, shifting supplementation.[8] Rule 26(b)(1) does not support expanding discovery on speculative vendor data that Plaintiff has not diligently pursued.

## II. PLAINTIFF BYPASSED THE COURT'S REQUIRED DISPUTE-RESOLUTION STEPS, MAKING THE MOTION PREMATURE UNDER RULE 16(B)(4)

Section 3(g) of the Order requires parties to meet and confer, seek a telephonic conference with chambers, and only then file a motion to compel with the required certification.[9] Plaintiff has not moved to compel and only "intends" to do so while hoping for voluntary vendor production, confirming noncompliance with the dispute-resolution steps and a lack of diligence under Rule 16(b)(4). This failure warrants the denial of the Motion.

## III. PLAINTIFF HAS NOT SECURED OR NOTICED THE DEPOSITIONS IT SAYS IT NEEDS, UNDERMINING ANY CLAIM OF DILIGENCE UNDER RULES 6(B) AND 16(B)(4)

Plaintiff says it needs four additional Yoli depositions (Ali Rameriez, Danielle Brown, Mike Kendall, and Chris Maughan) based on the January 9, 2026 Rule 30(b)(6) deposition, which lasted less than an hour.[10] Plaintiff served no deposition notices and concedes no dates were secured, opting for informal requests rather than timely notices or Court intervention. In addition, two of these individuals, Messrs. Kendall and Maughahn were already listed on Yoli's July 30, 2025 Initial Disclosures. This lack of diligence defeats good cause to modify the schedule under Rules 6(b) and 16(b)(4).

---

[8] *Id.* at 2.
[9] *Id.*
[10] Dkt. No. 30, at 2.

3

## IV. YOLI'S COOPERATIVE POSTURE AND MEDIATION EFFORTS CONFIRM A LIMITED-EXTENSION IS NECESSARY

The Court has advised the parties of the Federal Mediation Program, and Yoli has been in communication with a mutually agreed mediator to schedule mediation. Plaintiff has previously expressed a willingness to pursue mediation in communications with Defendant's counsel. Allowing the Parties to pursue mediation may resolve the remaining discovery challenges in this case.

## CONCLUSION

The Scheduling Order requires strict compliance with Rules 6(b) and 16(b)(4) and sets firm, proportional discovery milestones. Defendant has provided Plaintiff with data on pre-complaint SMS outbound messages relevant to the issue of pre-class certification. Plaintiff's wish for post-complaint data is unnecessary and not proportional to the needs of the case. Plaintiff has not resolved disputes under Section 3(g) of the Order, has not moved to compel, and seeks an extension based on speculative vendor production and un-noticed depositions. Though Defendant believes there is a lack of diligence or good cause, that should result in denial of the motion, Defendant is amenable to a brief extension for the parties to mediate issues on pre-class certification, scheduling on mediation is underway, and set deadlines to accommodate mediation and remaining pre-class discovery deadlines should the mediation be unsuccessful.

Dated: March 10, 2026.

*/s/ John E. Winters*
John E. Winters (BPR# 016345)
KRAMER RAYSON LLP
P.O. Box 629
Knoxville, TN 37901
(865) 525-5134
jwinters@kramer-rayson.com

4

/s/Ryan C. Cadwallader
Ryan C. Cadwallader (Admitted PHV)
Benson L. Hathaway, Jr. (Admitted PHV)
KIRTON MCCONKIE
50 E. South Temple, Ste. 400
Salt Lake City, UT 84145-0129
(801) 328-3600
rcadwallader@kmclaw.com
bhathaway@kmclaw.com

*Attorneys for Defendant YOLI, LLC*