IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SHERI BUTLER BROCKINGTON, on behalf of herself and all other similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>YOLI, LLC,<br><br>    Defendant. | Civil Action No. 3:25-cv-159 |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO
EXTEND PHASE ONE SCHEDULING ORDER DEADLINES**

Plaintiff Sheri Butler Brockington respectfully submits this Reply in further support of her Motion to Extend the Phase One Scheduling Order deadlines. Defendant's opposition does not undermine Plaintiff's showing of diligence. Instead, it confirms that a brief extension is appropriate to allow mediation to proceed and to complete the remaining discovery.

**I.    The Parties Are Actively Pursuing Mediation**

The parties are actively working to schedule mediation in this matter. The parties have agreed upon a mediator and are currently attempting to coordinate a mutually agreeable mediation date, having provided dates in early April.

Plaintiff has consistently expressed willingness to mediate and resolve this dispute without further litigation. A short extension of the current deadlines would facilitate that process by allowing the parties to conduct mediation without simultaneously preparing class-certification briefing on an incomplete discovery record.

Defendant acknowledges that mediation may resolve the remaining discovery issues in this case. Allowing the parties to complete mediation before the class-certification briefing schedule proceeds will conserve judicial resources and may eliminate the need for further discovery disputes or briefing.

4905-6473-8430.v2

## II. Defendant Continued Producing Discovery After the Discovery Deadline

Defendant argues that Plaintiff seeks an extension based on speculative discovery issues. However, Defendant itself continued supplementing its discovery production after the close of class-certification discovery.

On March 9, 2026, one week after the March 2 discovery deadline, Defendant produced additional documents relating to SMS messages sent through the CDYNE/Exigo platform. This supplemental production directly concerns some of the SMS messaging issues that Plaintiff identified in its motion. Defendant's continued production after the discovery deadline demonstrates that discovery on this subject was not complete by the March 2 deadline. A brief extension will allow the parties to incorporate these newly produced materials into the record.

## III. Plaintiff Acted Diligently to Schedule the Remaining Depositions

Defendant also argues that Plaintiff failed to diligently pursue depositions because Plaintiff did not unilaterally notice them. However, Plaintiff diligently attempted to schedule those depositions in coordination with defense counsel. Plaintiff requested deposition dates for the four Yoli witnesses on January 18, 2026 and followed up again on February 17, 2026. *See* Exhibit 1. Defense counsel responded that they were asking the witnesses for available dates. *Id.*

Plaintiff relied on that representation and awaited the dates that Defendant indicated it was obtaining. Plaintiff's efforts reflect the cooperative scheduling practices encouraged by the Federal Rules of Civil Procedure. Defendant now argues that Plaintiff should have unilaterally noticed the depositions despite representing that it was seeking the witnesses' availability.

Penalizing Plaintiff for engaging in cooperative scheduling while Defendant was obtaining dates would reward gamesmanship.

Plaintiff seeks a modest 60-day extension so that the parties can complete mediation, incorporate Defendant's continuing discovery productions, and take the remaining depositions that Plaintiff timely requested. The parties have also been actively meeting and conferring for months regarding Defendant's production of SMS records generated through the Klaviyo platform or the Plaintiff's need to issue another subpoena for them. Plaintiff has consistently sought clarification regarding the scope and completeness of the Klaviyo production because those records are central to identifying the universe of text messages relevant to the putative class. This brief extension will ensure that the Court considers class certification on a complete record while also providing the parties an opportunity to resolve the case through mediation.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the requested 60-day extension of the Phase One Scheduling Order deadlines.

Respectfully submitted this 11th day of March, 2026.

**Attorneys for Plaintiffs**

/s/ Anthony I. Paronich
Anthony I. Paronich, (BPR# 678437)
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

William F. Burns (BPR# 7908)
Brice M. Timmons (BPR# 29582)
WATSON BURNS, PLLC
253 Adams Ave.
Memphis, TN 38104
(901) 529-7996
bburns@watsonburns.com
btimmons@watsonburns.com

4905-6473-8430.v2